**FILED**

MAR 09 2011

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| SIGNATURE DEVELOPMENT, LLC; JEFF LAGE; and JENNIFER LANDGUTH, | | CIV. 11-5019 |
| Plaintiffs, | | **COMPLAINT** |
| vs. | | |
| MID-CONTINENT CASUALTY COMPANY, | | |
| Defendant. | | |

Plaintiffs Signature Development, LLC, Jeff Lage, and Jennifer Landguth, by and through its undersigned attorneys, for their cause of action against Defendant Mid-Continent Casualty Company states and alleges as follows:

**PARTIES**

1.    Plaintiff Signature Development, LLC ("Signature Development"), is a company engaged in the business of developing property with its principal place of business in South Dakota.

2.    Plaintiff Jeff Lage is member of Signature Development, LLC, and is a resident of Rapid City, South Dakota.

3.    Plaintiff Jennifer Landguth is member of Signature Development, LLC, and is a resident of Rapid City, South Dakota.

4.    Defendant Mid-Continent Casualty Company ("Mid-Continent) is a corporation engaged in the business of providing insurance and was providing insurance coverage to Signature Development at all times relevant hereto.

**JURISDICTION**

5.    Signature Development is currently a corporation with its principal place of business in the State of South Dakota.

6.    Mid-Continent is an insurance company which does business in the State of South Dakota but which is incorporated and has its principal place of business in a State other than South Dakota.

7.    There is complete diversity of citizenship between the Plaintiffs and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, jurisdiction is proper under 28 U.S.C. § 1332.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1)(2).

## FACTS

### The Carlson Matter

9.    Mid-Continent issued a policy of insurance to Signature Development with an initial policy period of August 22, 2003, to August 22, 2004.

10.    Mid-Continent renewed the policy of insurance with Signature Development in one year increments through August 22, 2007.

11.    On April 20, 2007, Scott Carlson and Caryn Carlson ("the Carlsons") sued Signature Development and other defendants in an action entitled *Scott Carlson and Caryn Carlson v. Oxner Construction, et al.*, the Seventh Judicial Circuit Court in Pennington County, South Dakota.

12.    The Carlsons brought claims against Signature Development, in relation to a home the Carlsons hired those defendants to build, alleging negligent misrepresentation and breach of contract, seeking rescission and assorted damages from Signature Development.

13.    The Carlsons alleged, in part, that they suffered damages to their home, among other things, when the basement floor began rising and cracking as a result of water expanding the soil beneath the Carlsons' home from 2004 to present.

14.    Mid-Continent received a copy of Carlsons' Complaint.

15.    Defendants Oxner Construction and Rick Oxner also alleged cross-claims against Signature Development alleging the Carlsons' injuries or damages were brought about by the actions and/or inactions of Signature.

16.    Defendants Oxner Construction and Rick Oxner also alleged cross-claims against Signature Development alleging that if Oxner was negligent there was a disproportion of fault between Oxner and Signature.

2

17. Defendants Oxner Construction and Rick Oxner sought contribution and indemnification from Signature based on the Carlsons' allegations against Oxner.

18. Mid-Continent was aware of the cross-claims.

19. By letter dated May 22, 2007, Mid-Continent accepted the defense of the case on behalf of Signature Development stating: "After review of the complaint, Mid-Continent Casualty Company has determined that there are allegations that may be covered by the policy. Therefore, we are electing to accept the defense of Signature Development, LLC under a full reservation of rights . . . ."

20. Mid-Continent hired attorney Patricia A. Meyers and the law firm of Costello, Porter, Hill, Heisterkamp, Bushnell & Carpenter, LLP, to defend Signature Development in the *Carlson* case.

21. Ms. Meyers and the Costello Porter law firm provided a defense to the Carlson claims thereafter until Mid-Continent chose to stop paying attorney's fees and costs as a coverage benefit.

22. Mid-Continent first informed Signature Development that it had chosen to stop providing insurance coverage benefits by letter dated October 21, 2009.

23. Mid-Continent stated in its October 21, 2009, letter, "After further review of the allegations within Plaintiffs' Complaint and the general liability policy, we determined that the alleged damages are not 'Property Damage' resulting from an 'Occurrence' and are excluded by policy exclusions."

24. Mid-Continent stated as follows in its October 21, 2009, letter on page 5:

> When examining the claim at hand and the damages alleged, Mid-Continent Casualty Company must conclude that the alleged damages do not result in "Property Damage" or "Bodily injury" as a result of an "Occurrence". Additionally, as previously noted, the policy precludes coverage for work that is impaired, deficient, incomplete, inadequate, defective or otherwise in need of repair or replacement, as indicated in exclusions j.(5), j.(6), m. and n. The policy excludes expected or intended injury under exclusion a., contractual liability under exclusion b., pollution damages under exclusion f.(2) and damage to your product under exclusion k.

3

**As a consequence, Mid-Continent Casualty Company <u>will</u>
<u>cease to defend Signature Development Company L.L.C. on</u>
<u>November 23, 2009.</u>**

(Emphasis in original.)

25.    Signature Development informed Mid-Continent by letter dated November 5, 2009, that it could not simply end defense coverage without court authorization as required by South Dakota law.

26.    Mid-Continent was further informed by Signature Development that it had no legal basis to end defense coverage by this same letter.

27.    Despite these warnings, Mid-Continent still chose to terminate the insurance coverage benefits to Signature Development by letter dated November 16, 2009.

28.    Signature Development has now incurred attorney's fees and costs to defend the claims of the Carlsons, as well as the claims of Oxner Construction and Rick Oxner, and instituting a Declaratory Judgment action.

29.    Mid-Continent ultimately paid compensatory damages to the Carlsons for the claims in their Complaint.

30.    On February 3, 2011, Signature Development offered to dismiss the Declaratory Judgment action if Mid-Continent paid for the attorneys' fees and expenses Signature Development incurred to defend the Carlson lawsuit.

31.    On February 7, 2011, Mid-Continent accepted the offer and agreed to pay for the attorneys' fees and costs Signature Development incurred as a result of Mid-Continent's denial on the condition that the Declaratory Judgment action was dismissed as a contested case settlement without admission by any party.

32.    However, on February 23, 2011, Mid-Continent renegotiated the agreement to pay the attorneys' fees and costs Signature Development incurred on the condition that Signature Development, and all possible associated entities and individuals, sign a Release releasing and forever discharging Mid-Continent "from any and all claims, actions, liabilities, causes of action, complaints, demands, and/or damages of any type including but not limited to compensatory, punitive, or exemplary damages, costs, attorneys' fees, emotional distress, loss of income, interest, expenses, taxes and any other compensation allegedly arising out of any breach of contract, bad faith claim handling or processing, and/or vexations conduct by" Mid-Continent.

4

33.    Mid-Continent breached its agreement to pay for the attorneys' fees and expenses Signature Development incurred as a result of Mid-Continent's denial.

34.    Mid-Continent's conditioning payment of the attorneys' fees and expenses Signature Development incurred as a result of Mid-Continent's denial on Signature Development's release of any bad faith claim that Signature Development may have with respect to Mid-Continent's handling of the claim is evidence of bad faith and a reckless disregard of the rights of Signature Development.

## The Kerr Matter

35.    Mid-Continent issued a policy of insurance to Signature Development with an initial policy period of August 22, 2003, to August 22, 2004.

36.    Mid-Continent renewed the policy of insurance with Signature Development in one year increments through August 22, 2007.

37.    On [date] Mark W. Kerr and Sande R. Kerr ("the Kerrs") brought a lawsuit against William Timberman, Kathleen Timberman, Dakota Castles, Inc., Signature Development Company, LLC, and Signature Water Company, LLC.

38.    The Kerrs alleged claims against the defendants including breach of contract, constructive fraud, actual fraud, and negligent misrepresentation.

39.    The Kerrs complaint stemmed from their claim that the defendants failed to account for and construct for the existing soil conditions.

40.    Signature Development tendered the defense of this claim to Mid-Continent on or about May 23, 2007.

41.    On June 22, 2007, Mid-Continent issued a letter to Signature Development refusing to defend or indemnify Signature Development for the reason that the Kerrs' lot was sold prior to the retroactive date of the insurance policy.

42.    The Kerrs' allegations against Signature Development constituted continuing torts which occurred when Mid-Continent's policy was in effect.

43.    Signature Development has now incurred attorney's fees, costs, and damages to defend and settle the Kerrs' claims.

5

## The Klosterman Matter

44.    Mid-Continent issued a policy of insurance to Signature Development with an initial policy period of August 22, 2003, to August 22, 2004.

45.    Mid-Continent renewed the policy of insurance with Signature Development in one year increments through August 22, 2007.

46.    On May 10, 2007, Jeff and Sheila Klosterman ("the Klostermans") brought a lawsuit against Dakota Castles, Inc., Signature Development Company, LLC, and Signature Water Company, LLC.

47.    The Klostermans alleged claims against the defendants including breach of contract, constructive fraud, actual fraud, and negligent misrepresentation.

48.    The Klostermans complaint stemmed from their claim that the defendants failed to account for and construct for the existing soil conditions.

49.    Signature Development tendered the defense of this claim to Mid-Continent.

50.    On June 19, 2007, Mid-Continent issued a letter to Signature Development refusing to defend or indemnify Signature Development.

51.    The Klostermans' allegations against Signature Development constituted continuing torts which occurred when Mid-Continent's policy was in effect.

52.    Signature Development has now incurred attorney's fees, costs, and damages to defend and settle the Klosterman claims.

## COUNT I
## BREACH OF CONTRACT

53.    As a cause of action against Defendant Mid-Continent Plaintiffs further alleges as follows:

54.    Plaintiffs hereby reincorporate by reference the foregoing paragraphs.

55.    Plaintiffs paid all premiums due under the policy, submitted all proofs of loss required under the policy, and performed all other conditions the policy required it to perform.

56.     Defendant Mid-Continent breached the policy by failing to defend Signature against the Carlsons' claims and Oxner's cross-claims.

57.     Defendant Mid-Continent breached the policy by failing to defend Signature against the Kerrs' claims and the cross-claims.

58.     Defendant Mid-Continent breached the policy by failing to defend Signature against the Klostermans' claims and the cross-claims.

59.     Mid-Continent breached its agreement to pay for the attorneys' fees and expenses Signature Development incurred as a result of Mid-Continent's denial.

60.     As a result of Defendant Mid-Continent's breach of the policy, Signature has suffered harm as alleged above.

61.     Therefore, Signature seeks judgment as prayed for below.

## COUNT II
## BAD FAITH

62.     Plaintiffs hereby reincorporate by reference the foregoing paragraphs.

63.     At all material times, Defendant committed the wrongful acts herein alleged through agents or employees who were acting within the purposes and scope of its authority and employment.

64.     With actual notice of Carlsons' claims, Oxner's cross-claims against Signature, Kerrs' claims, and Klostermans' claims, Defendant acted knowingly and without reasonable basis in refusing to make a reasonable, prompt, and adequate investigation.  This was done for the purposes of discouraging, avoiding, or reducing the policy benefits due to Plaintiffs.

65.     Defendant either knew or should have known of the lack of reasonable basis for denial of coverage.

66.     Defendant denied coverage in these cases in violation of the covenant of good faith and fair dealing and acted in bad faith.

67.     Defendant also failed to give equal consideration to the interests of Plaintiffs, have ignored facts that support coverage, and have ignored law that requires a duty to defend and indemnify.

68.     Defendant' actions constituting bad faith included, but were not limited to, the following:

7

a. Defendant breached its duty to adjust Plaintiffs' claim in good faith and to investigate every available source of information, set out to collect the minimum facts necessary to support a denial of the claim;

b. Defendant took actions which injured the Plaintiffs' rights;

c. Defendant failed to fulfill its continuing duty to investigate and evaluate the claim.

69. By denying and delaying coverage of Signature's claim, Defendant Mid-Continent, knowing that it had no legal justification for doing so, purposefully forced Signature to file a Declaratory Judgment action in order to obtain the insurance benefits to which it is entitled. Defendant Mid-Continent forced Plaintiffs to seek legal redress for the purpose of coercing Signature to defend these matters at its own expense.

70. Defendant Mid-Continent, knowing that it had no legal justification for doing so, purposely ignored cross claims against Signature in order to avoid providing Signature insurance coverage.

71. Defendant Mid-Continent, knowing that it had no legal justification for doing so, discontinued defending and indemnifying Signature without Court authorization, even though prohibited by law from doing so.

72. Mid-Continent's conditioning payment of the attorneys' fees and expenses Signature Development incurred as a result of Mid-Continent's denial on Signature Development's release of any bad faith claim that Signature Development may have with respect to Mid-Continent's handling of the claim is bad faith and evidence of a reckless disregard of the rights of Signature Development.

73. As a legal result of this conduct, Plaintiffs have experienced financial loss and hardship, severe emotional and physical distress, and shame and embarrassment.

74. Plaintiffs are entitled to damages as a result of the breach of the implied duty of good faith and fair dealing.

## COUNT III
## BREACH OF FIDUCIARY DUTY

75. Plaintiffs hereby reincorporate by reference the foregoing paragraphs.

8

76.     Defendant Mid-Continent owed a fiduciary duty to Plaintiffs.

77.     Defendant Mid-Continent breached that duty.

78.     As a legal result of this breach, Plaintiffs have experienced financial loss and hardship, severe emotional and physical distress, and shame and embarrassment.

79.     Plaintiffs are entitled to damages as a result of the breach of the implied duty of good faith and fair dealing.

## COUNT IV
## UNFAIR TRADE PRACTICES

80.     Plaintiffs hereby reallege all previous paragraphs as if set forth herein.

81.     Defendant failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of Signature's request for coverage.

82.     Defendant failed to promptly provide any explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of Signature's request for coverage as to the claims in the Carlson, Kerr, and Klosterman matter.

83.     Defendant unfairly conditioned payment to Signature Development on the requirement that it waive any claims for bad faith and vexatious refusal to pay.

84.     Defendant unfairly misrepresented pertinent facts and insurance policy provisions relating to the coverages at issue.

85.     As a legal result of this conduct, Plaintiffs have experienced financial loss and hardship, severe emotional and physical distress, and shame and embarrassment.

86.     Plaintiffs are entitled to damages as a result of Defendant's unfair trade practices.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87.     Plaintiffs hereby reallege all previous paragraphs as if set forth herein.

9

88.    Defendant knew, or in the exercise of reasonable care should have known, that its behavior and actions in the denial of coverage, and subsequent handling of this claim would result in serious emotional distress to the Plaintiffs.

89.    In doing the acts alleged in this Complaint, Defendant acted with reckless, intentional, and deliberate disregard for the likelihood that Plaintiffs would suffer severe emotional distress as a direct and proximate result of its actions.

90.    As a legal result of this conduct, Plaintiffs have experienced financial loss and hardship, severe emotional and physical distress, and shame and embarrassment.

91.    Plaintiffs are entitled to damages as a result of the intentional infliction of emotional distress.

## COUNT VI
## VEXATIOUS REFUSAL TO PAY

92.    Plaintiffs hereby reallege all previous paragraphs as if set forth herein.

93.    Defendant's decision to deny coverage was vexatious or without reasonable cause, and pursuant to SDCL § 58-12-3, Plaintiffs are entitled to their attorney's fees and costs.

## COUNT VII
## PUNITIVE DAMAGES

94.    Plaintiffs hereby reallege all previous paragraphs as if set forth herein.

95.    Defendant has acted with oppression, fraud, express and implied malice and a reckless disregard for the rights of Plaintiffs by refusing and delaying in providing coverage owed to Plaintiffs, and intentionally inflicting emotional distress upon Plaintiffs.

96.    Punitive damages are appropriate in this case pursuant to SDCL § 21-3-2 in order to punish and deter Defendant from continuing in this course of conduct.

WHEREFORE, the Plaintiffs pray for judgment as follows:

1.    All damages (compensatory, general, special, and consequential) in an amount to be determined at trial;

2.     Punitive damages in an amount to be justly determined by the jury;

3.     Attorneys' fees, costs, disbursements herein, and interest; and

4.     Such other and further relief as the Court deems just and proper.

Respectfully submitted this ___ day of March, 2011.

BEARDSLEY, JENSEN & VON WALD,
Prof. L.L.C.

By: _____
Steven C. Beardsley
Brad J. Lee
4200 Beach Drive, Suite 3
P.O. Box 9579
Rapid City, SD  57709
Telephone:  (605) 721-2800
Facsimile:  (605) 721-2801
Email:  sbeards@blackhillslaw.com
blee@blackhillslaw.com
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38 Plaintiffs hereby demands a trial by jury of any issue triable of right by jury.

_____
Steven C. Beardsley

11